# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-2320V

|  |  |
|---|---|
| DEBRA PETERSON, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 18, 2024 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 21, 2021, Debra Peterson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome after receiving an influenza vaccine on September 24, 2019. Petition at 1.  On August 22, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 30.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $45,818.55 (representing $34,336.30 in fees, plus $2,572.55 in costs and $8,910.00 in fees incurred by Petitioner's prior counsel, William Flahavan). Petitioner's Final Motion for Attorney Fees and Cost ("Motion") filed December 20, 2023, ECF No. 35. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 35 - 7.

Respondent reacted to the motion on January 31, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 36. Petitioner filed no reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Jeffrey Pop at the rate of $470.00 per hour for time billed from 2020-21, and the rate of $520.00 per hour for work performed between 2022-23; and for attorney Kristina Grigorian, the rate of $325.00 per hour for work performed between 2020-21, and $410.00 per hour for work performed between 2022-23. ECF No. 35 – 2 at 2. These rates have previously been awarded, and I find no cause for reduction.

Referring attorney William Flahavan's requested rate, however, will require adjustment. Mr. Flahavan billed his time at a rate of $450.00 per hour. Although Mr. Flahavan's requested rate is within the appropriate range for an attorney with his experience, it does not appear that he is licensed to practice in the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

As such, the time billed by Mr. Flahavan must be compensated at non-attorney rates. I shall reduce his rate to $163.00 per hour, which is in line to that of what a supporting paralegal in the Vaccine Program for time billed in 2020. This results in a reduction of the attorney fees requested in amount of **$5,682.60.**[3]

## ATTORNEY COSTS

Petitioner requests $2,572.55 in overall costs. ECF No. 35 – 2 at 2. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, and they shall be awarded in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $40,136.25 (representing $34,336.30 in fees plus $2,572.55 in costs and $3,227.40 in prior attorney fees)[4] as a lump sum in**

---

[3] This amount consists of $450.00 - $163.00 = $287.00 x 19.80 hrs = $5,682.60.

[4] Mr. Pop will disperse funds to Petitioner's prior counsel William Flahavan.

**the form of a check jointly payable to Petitioner and Petitioner's counsel,  Jeffrey S. Pop.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.